UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                             Case No. 11-cr-369(1)(PAM/FLN)

                    Plaintiff,

v.

                                                      **MEMORANDUM AND ORDER**

Steven Lavell Maxwell,

                    Defendant.

_____

This matter is before the Court on Defendant Steven Lavell Maxwell's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.   For the following reasons, the Motion is denied.

**BACKGROUND**

In August 2012, Maxwell pled guilty to conspiracy to commit bank fraud, aggravated identity theft, and conspiracy to commit concealment money laundering.  The Presentence Investigation Report ("PSR") calculated Maxwell's sentencing range as 235 to 293 months.  The Court, however, granted Maxwell a downward departure pursuant to U.S.S.G. § 5K1.1, because Maxwell provided substantial assistance to authorities in the investigation and prosecution of his codefendants.  After the departure, Maxwell received 116 months' imprisonment on each of the bank-fraud and money-laundering charges, to run concurrently, and 24 months' imprisonment on the identity-theft charge to run consecutively.  The Court also ordered mandatory restitution pursuant to 18 U.S.C. § 3663A in the amount of $1,203,821.54.

Maxwell, with the assistance of counsel, appealed his sentence, and the Eighth Circuit Court of Appeals consolidated it with his codefendants' appeals. On appeal, Maxwell argued that the Court erred in determining the amount of fraud loss and number of victims, and that his sentence was unreasonable. The Eighth Circuit affirmed. United States v. Maxwell, 778 F.3d 719 (8th Cir. 2015). Maxwell then petitioned the Eight Circuit for a panel rehearing and a rehearing en banc, both of which were denied. After the Supreme Court denied Maxwell's petition for a writ of certiorari, Maxwell, now proceeding pro se, timely filed this § 2255 Motion.

Maxwell now argues that his counsel rendered ineffective assistance in several ways. Maxwell claims that counsel (1) failed to challenge the Court's restitution order; (2) failed to challenge the Court's determination of the amount of fraud loss and number of victims; (3) was unprepared during appellate oral arguments; (4) had very limited experience and knowledge involving financial crimes; (5) failed to challenge the execution of a search warrant on direct appeal; and (6) failed to challenge the Court's calculation of Maxwell's criminal history category.

**DISCUSSION**

To prove ineffective assistance of counsel, Maxwell must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." United States v. Auman, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The performance prong of the effective-assistance inquiry requires a showing "that counsel's representation fell below an objective standard of

reasonableness." <u>Strickland</u>, 466 U.S. at 688. "Prejudice" requires a reasonable probability that the result of the proceeding would have been different but for counsel's errors. <u>York v. Lockhart</u>, 856 F.2d 61, 63 (8th Cir. 1988).

Maxwell first argues that his counsel was ineffective because he failed to challenge the Court's restitution order or alert the Court to Maxwell's lack of financial resources. According to Maxwell, the Court should have held a restitution hearing pursuant to 18 U.S.C. § 3663, the Victim and Witness Protection Act ("VWPA"), where Maxwell could have presented evidence on his financial resources and earning ability.

But the VWPA does not apply to Maxwell. The Court ordered restitution pursuant to 18 U.S.C. § 3663A, the Mandatory Victim Restitution Act ("MVRA"), because Maxwell pled guilty to "an offense against property . . . including any offense committed by fraud." 18 U.S.C. § 3663A(c). A defendant's financial resources are irrelevant to restitution under the MVRA. <u>See</u> 18 U.S.C. § 3663A (requiring the defendant to pay restitution regardless of financial resources). Maxwell was thus not entitled to a hearing regarding his inability to pay the restitution order. Because failing to bring a futile motion is not ineffective assistance of counsel, Maxwell's first claim fails. <u>See</u> <u>Dyer v. United States</u>, 23 F.3d 1424, 1426 (8th Cir. 1994).

Second, Maxwell argues that counsel failed to challenge the Court's determination of the amount of fraud loss and number of victims—specifically about Telecheck, a check-verification company that incurred substantial losses due to Maxwell's bank-fraud scheme. But Maxwell's contention is simply not true. Before sentencing, Maxwell's counsel objected to the PSR, specifically arguing that Telecheck is not a bank and should

therefore be excluded from the victim's loss calculations.  (Deft.'s Sent. Pos. (Docket No. 799) at 2.)   Counsel argued the same on appeal, and even filed a motion for a panel rehearing, for a rehearing en banc, and a petition for a writ of certiorari to the Supreme Court.  Contrary to Maxwell's claim, his counsel zealously and persistently advocated for his client.  He did not render ineffective assistance of counsel.

Third, Maxwell claims that counsel was unprepared for appellate oral argument because he did not file a "Rule 16 Motion."  (Deft.'s Reply Mem. (Docket No. 1140) at 1.)   Assuming Maxwell is referring to discovery requests pursuant to Rule 16 of the Federal Rules of Criminal Procedure, those requests are for pre-trial matters, not for appeals.  See Fed. R. Crim. P. 16.  Counsel appropriately declined to bring such a motion. And even if counsel did not perform as Maxwell expected during oral argument, Maxwell has failed to show that there is a reasonable probability that the result of the appeal would have been different.  Therefore, this claim also fails.

Fourth, Maxwell claims that counsel had very limited knowledge and experience involving financial crimes.  Maxwell has not cited any evidence supporting this claim, and the record contradicts it.  Based on his representation of Maxwell before the guilty plea, and his arguments during sentencing, counsel exhibited a wealth of knowledge and experience on financial crime.   Again, counsel's representation was anything but ineffective.

Fifth, Maxwell argues that counsel failed to challenge "the search warrant and subsequent search of Mr. Owens home" on direct appeal.  (Deft.'s Reply at 2.)  It is unclear to whom or to what Maxwell is referring, but regardless, "failure to raise a

constitutional issue on direct appeal does not necessarily mean that counsel's performance was constitutionally deficient." Charboneau v. United States, 702 F.3d 1132, 1137 (8th Cir. 2013). Absent contrary evidence, it is assumed that "appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." Id. at 1136 (citations omitted). Because Maxwell pled guilty and only appealed his sentence, counsel's failure to raise this claim was an exercise of sound appellate strategy.

Sixth, Maxwell argues that his counsel failed to challenge Maxwell's criminal history category. According to Maxwell, the "government's expert witness" testified that Maxwell's bank-fraud scheme began on a date later than the date the government used in "open court" and on the Indictment. (Deft.'s Reply at 2.) If the expert witness's date was correct, one of Maxwell's prior convictions would have fallen outside the statute of limitations, and therefore should not have been included when calculating his criminal history category.

But Maxwell did not go to trial. There was no "open court" and there was no "expert witness." Maxwell pled guilty, and the plea agreement states that Maxwell's bank-fraud scheme started in 2006. Counsel did not render ineffective assistance of counsel by failing to raise this baseless claim.

Finally, the Court need not hold an evidentiary hearing on Maxwell's claims if his allegations, taken as true, entitle him to no relief or if his allegations are contradicted by the record. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006). Because Maxwell's allegations, even if taken as true, entitle him to no relief, and because his

allegations are contradicted by the record, the Court declines to hold an evidentiary hearing.

To appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability.   See 28 U.S.C. § 2253(c)(1)(B).   A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   The Court has considered whether the issuance of a certificate is appropriate, and finds that no issue raised is "debatable among reasonable jurists."   Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)).   Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION**

Maxwell has failed to establish that his counsel's performance was constitutionally deficient.   Maxwell is not entitled to an evidentiary hearing on his claims, and no certificate of appealability will issue.

Accordingly, **IT IS HEREBY ORDERED** that Maxwell's Motion to Vacate (Docket No. 1081) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 23, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

6