UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                   Crim. No. 11-369 (PAM/FLN)

                Plaintiff,

v.                                                                                     **ORDER**

Steven L. Maxwell,

                Defendant.

---

This matter is before the Court on Plaintiff's Motion to Dismiss (Docket No. 1268) Defendant's Rule 60(b) Motion for Relief from Judgment (Docket No. 1263). Defendant's Motion functions as an unauthorized successive § 2255 motion, and therefore must be dismissed.

The Supreme Court has explained that Rule 60(b) motions often contain claims which are "in substance a successive habeas petition and should be treated accordingly." Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005). In United States v. Lee, the Eighth Circuit held that a Rule 60(b) motion is treated as a second or successive § 2255 motion when the 60(b) motion attacks a "previous resolution of a claim on the merits." 792 F.3d 1021, 1023 (2015) (quoting Gonzalez, 545 U.S. at 532) (emphasis omitted). A Rule 60(b) motion is not treated as a second or successive § 2255 motion if it avoids the merits of a prior claim and instead attacks "some defect in the integrity of the federal habeas proceedings." Id. at 532.

Defendant's Rule 60(b) motion functions as a second or successive § 2255 petition. Defendant once again attacks the calculation of his Guidelines range, specifically the application of enhancements for the amount in loss and number of victims associated with his crime. These arguments challenge a previous resolution of a claim on the merits, as the Eighth Circuit has already denied Defendant authorization to pursue these arguments in a second or successive § 2255 motion. See Maxwell v. United States, No. 17-3277 (8th Cir. Jan. 31, 2018). Defendant's additional arguments function "in substance as a successive habeas petition," as they raise new claims that relate back to his conviction and have nothing at all to do with "the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 530, 532.

Defendant must first obtain authorization from the Eighth Circuit before filing a second or successive motion under § 2255. See 28 U.S.C. § 2255(h); see also Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). Accordingly, this Court does not have jurisdiction to hear Defendant's successive motion because he has not first sought permission to bring it.

Finally, Defendant has once again raised the same arguments about his sentencing Guidelines in his Pro Se Addendum. (Docket No. 1267.) The Court has considered this Addendum as part of Defendant's original § 2255 Motion. (Docket No. 1081.) The arguments in the Addendum do not change the conclusions above.

Accordingly, **IT IS HEREBY ORDERED that** the United States' Motion to Dismiss (Docket No. 1268) is **GRANTED**, and Defendant's Rule 60(b) Motion (Docket No. 1263) is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 24, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge