UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,　　　　　　　　　　Crim. No. 11-369 (PAM/FLN)

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

Joel Delano Powell, Jr.,

　　　　　　Defendant.

---

This matter is before the Court on Petitioner Joel Delano Powell, Jr.'s Motion to Reduce Sentence and Petition for Writ of Audita Querela. For the following reasons, Powell's Motion is denied.

Powell was sentenced to 300 months' imprisonment in 2013, after he was found guilty by a jury of conspiracy to commit bank fraud, aiding and abetting bank fraud, and aggravated identity theft. (Docket No. 898 at 1-2.) Powell's direct appeal was denied. (Docket No. 1053.) He then filed a habeas petition pursuant to 28 U.S.C. § 2255, but his claims were rejected and no certificate of appealability issued. (Docket No. 1087.) The Eighth Circuit likewise denied Powell's application for a certificate of appealability. (Docket No. 1158.)

In August 2019, Powell filed this Motion. (Docket No. 1315.) Although Powell titles his filing as a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and alternatively a Petition a Writ of Audita Querela, it is substantively a successive 28 U.S.C. § 2255 motion. The Eighth Circuit has "consistently held that inmates may not bypass the

limitation on successive habeas petitions" by bringing successive § 2255 actions under other names. United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002); see Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls."). In order for this Court to hear Powell's successive § 2255 Motion, Powell must have permission from the Eighth Circuit. But Powell has not sought and received such permission from the Eighth Circuit, so this Court lacks jurisdiction. 28 U.S.C. § 2255(h).

Even if the Court had jurisdiction to hear Powell's claims, however, they are without merit. First, Powell contends that his sentence is unconstitutional because he claims that Alleyne v. United States requires Sentencing Guidelines enhancements to be put a jury. 570 U.S. 99 (2013). Powell is incorrect—neither Alleyne nor any other case stands for that proposition. To the contrary, "under Alleyne, the Sixth Amendment permits a district court to rely on facts beyond those found by the jury when the court calculates the applicable advisory sentencing guidelines range and selects a sentence within the statutorily-prescribed range." United States v. Bennett, 765 F.3d 887, 897 (8th Cir. 2014) (citing, inter alia, United States v. Davis, 753 F.3d 1361, 1362 (8th Cir. 2014)). This argument is also procedurally barred because Powell should have raised it in his earlier § 2255 Motion. Second, Powell raises ineffective-assistance and prosecutorial-misconduct claims, but this Court rejected those claims in his earlier § 2255 Motion. (Order (Docket No. 1087) at 2-4.)

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Reduce Sentence (Docket No. 1315) is **DENIED**.

Dated:  October 22, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge